1  Jonathan J. Lamberson (CA SBN 239107)
   lamberson@fr.com
2  FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
3  Redwood City, California 94063
   Telephone:  (650) 839-5070
4  Facsimile:  (650) 839-5071

5  Ruffin B. Cordell (*pro hac vice pending*)
   Michael J. McKeon (*pro hac vice pending*)
6  Indranil Mukerji (*pro hac vice pending*)
   Joseph V. Colaianni, Jr. (*pro hac vice pending*)
7  Linhong Zhang (*pro hac vice pending*)
   FISH & RICHARDSON P.C.
8  1000 Maine Avenue, SW, Suite 1000
   Washington, DC 20024
9  Telephone:  (202) 783-5070
   Facsimile:  (202) 783-2331

10

11 Katherine H. Reardon (*pro hac vice pending*)
   FISH & RICHARDSON P.C.
12 601 Lexington Avenue, 52nd Floor
   New York, NY 10021
13 Telephone:  (212) 641-2235
   Facsimile:  (212) 765-5070

14 Attorneys for Plaintiffs
   SK HYNIX INC. and SK HYNIX AMERICA INC.
15

16                UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  SK HYNIX INC. and SK HYNIX AMERICA INC., | Case No. |
| 20                     Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| 21              v. | **DEMAND FOR JURY TRIAL** |
| 22  BiTMICRO, LLC and BiTMICRO NETWORKS, INC., | |
| 23 | |
| 24                     Defendant. | |

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

Plaintiffs SK hynix Inc. and SK hynix America Inc. ("Plaintiffs" or "SK hynix") for its Complaint against Defendants BiTMICRO, LLC ("BiTMICRO") and BiTMICRO Networks, Inc. ("BNI") seek declaratory judgment of non-infringement as to the following patents owned by BiTMICRO:  U.S. Patent Nos. 6,529,416 (the "'416 Patent"); 7,826,243 (the "'243 Patent"); 8,093,103 (the "'103 Patent"); 9,135,190 (the "'190 Patent") (collectively, the "Asserted Patents"), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 et. seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a declaratory judgment of non-infringement of the Asserted Patents and for such other relief as the Court deems just and proper.

2.      SK hynix requests this relief because BiTMICRO, working with its part-owner and licensee BNI, filed a Complaint before the United States International Trade Commission ("ITC") in *Certain Sold State Storage Drives, Stacked Electronics Components, and Products Containing Same*, claiming that SK hynix and some of its customers infringe the Asserted Patents based on allegations that they import, sell for importation, and/or sell within the United States after importation certain solid state storage drives, stacked electronics components, and products containing the same (collectively, "the Accused Products") that infringe one or more claims of the Asserted Patents.

3.      An actual and justiciable controversy therefore exists between SK hynix and BiTMICRO and BNI concerning the Asserted Patents under 28 U.S.C. §§ 2201-2202 and as to whether SK hynix's Accused Products have infringed the Asserted Patents.

## THE PARTIES

4.      Plaintiff SK hynix Inc. is a corporation organized under the laws of the Republic of Korea, with its principal place of business located at 2091, Gyeongchung-daero, Bubal-eub Icheon-si, Gyeonggi-do, South Korea.

5.      Plaintiff SK hynix America Inc. is a California corporation with its principal place of business located at 3101 North First Street, San Jose, California 95134.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

6.      SK hynix develops, manufactures, and supplies semiconductor memory chips, among other products.  Two types of memory chips developed and manufactured by SK hynix are dynamic random-access memory (DRAM) and flash memory.  Various downstream devices, such as computers, smartphones, and tablets, incorporate these memory chips.

7.      SK hynix manufactures the Accused Products and sells them in the United States.  BiTMICRO has alleged at the ITC that SK hynix's customers use such products purchased from SK hynix in systems that they produce under their own names, and market and sell through various distribution channels, *e.g.*, to consumers of mobile and personal computing systems.  BiTMICRO has further alleged at the ITC that the systems produced and sold by SK hynix's customers integrate other components produced by them or by third parties with the products purchased from SK hynix.

8.      On information and belief, defendant BiTMICRO is a Delaware corporation having its principal place of business located at 11921 Freedom Drive, Suite 550, Reston, Virginia 20190.  On information and belief, BiTMICRO is co-owned by BNI.  BiTMICRO claims to be the owner of the Asserted Patents.

9.      On information and belief, defendant BNI is a California corporation having its principal place of business located at 47929 Fremont Boulevard, Fremont, California, 94538.  BNI was the previous owner of Asserted Patents, and claims to be a current licensee to those same patents.  BNI is a co-owner of BiTMICRO.

10.     On information and belief, BNI conducts business activities in this judicial district.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

12.     An actual, substantial, and continuing justiciable controversy exists between SK hynix and Defendants that requires a declaration of rights by this Court.

13.     This Court has subject matter jurisdiction over this action based on a real and immediate controversy between SK hynix and Defendants regarding whether various SK hynix

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

1   Accused Products infringe the Asserted Patents.  As detailed below, this controversy arises out of

2   Defendants' infringement assertions against SK hynix and some of its customers.

3       14.   Based on the facts and causes alleged herein, this Court has personal jurisdiction

4   over BiTMICRO and BNI. On information and belief, much of BNI's activities take place in this

5   District at BNI's Fremont, California headquarters.  On information and belief, BNI set up

6   BiTMICRO as a patent assertion entity for its patents.  BNI is a California Corporation, and is a co-

7   owner of BiTMICRO.  BiTMICRO does not sell products or provide services.  BNI is the

8   immediate predecessor-in-interest to the Asserted Patents.  BiTMICRO was formed in June 2017,

9   and one month later, in July 2017, BNI allegedly sold the Asserted Patents to BiTMICRO and was

10  granted back a license to make, have made, use, import, offer for sale, and to sell products covered

11  by the Asserted Patents.

12      15.   BiTMICRO's enforcement activities have been against California-based companies

13  including SK hynix America Inc.  To pursue these companies at the ITC, BiTMICRO has relied on

14  the activities of its licensee and co-owner, California corporation BNI, in allegedly practicing the

15  patents in California, in an attempt to satisfy the ITC's domestic industry requirements.  On

16  information and belief, most if not all members of BiTMICRO's management team are California

17  residents.  The Administrative Law Judge's Initial Determination addressing domestic industry,

18  notes that BiTMICRO's only fact witnesses at the ITC hearing were two BNI employees, President

19  and General Counsel Mr. Uriarte, and acting Chief Financial Officer Mr. Larry Rosolowski.

20  Exhibit A (337-TA-1097 Initial Determination on Economic Domestic Industry) at 3.  Those BNI

21  employees, examined by BiTMICRO's counsel at the hearing, testified as to activities allegedly

22  occurring at BNI's Fremont, California facility.  *Id*. at 7.  Moreover, one of those BNI witnesses,

23  Mr. Rosolowski, was a consultant hired by BiTMICRO's counsel specifically for the purpose of

24  asserting the Asserted Patents. *Id.* at 10-11 n.8.  And the other witness, Mr. Uriarte, is "a BNI

25  executive, [with] a strong financial interest" in BiTMICRO's assertion of the Asserted Patents. *Id.*

26  at 23 n.18.  A true and correct copy of the public version of the Initial Determination is attached as

27  Exhibit A.

28

COMPLAINT FOR DECLARATORY JUDGMENT
                                                     Case No.

16.     Without limitation, this Court has personal jurisdiction over BiTMICRO and BNI by virtue of BiTMICRO's and BNI's purposeful contacts with this district, including BNI's transaction of substantial business and patent-related operations within this district, such that BiTMICRO and BNI could have reasonably expected to be called into Court in this district; and by virtue of BiTMICRO's attempts to enforce patents assigned to it against SK hynix America Inc., Samsung Semiconductor, Inc., HP Inc., ASUS Computer International, and Acer America Corp., all of which are entities having a principal place of business in the Northern District of California.

17.     Venue is proper in this Court under 28 U.S.C. §§ 1391.  Without limitation and based on the facts alleged herein, venue is proper in this Court because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district; BNI is incorporated in California and has its principal place of business in this District; and BiTMICRO is subject to personal jurisdiction in this judicial district.

18.     Further, and in the alternative, venue is proper in this Court under 28 U.S.C. § 1400. BNI is incorporated in California and has its principal place of business in this District.  Upon information and belief, BNI and BiTMICRO are agents of each other, and have acted in concert with one another, with respect to the assertion of the Asserted Patents.  For instance, and without limitation, BNI assigned the Asserted Patents to BiTMICRO for the purpose of asserting them against others, such as SK hynix.  BiTMICRO has in fact attempted to enforce the Asserted Patents against multiple entities having their principal place of business in this District, including SK hynix America Inc., Samsung Semiconductor, Inc., HP Inc., ASUS Computer International, and Acer America Corp.  And BNI is the sole licensee of the Asserted Patents.  In addition to being a licensee, BNI has an ownership interest in BiTMICRO and maintains a financial interest in the assertion of the Asserted Patents.  Moreover, BNI and BiTMICRO work together in the assertion of the Asserted Patents.  For example, BiTMICRO's legal counsel hired Mr. Rosolowski to act as BNI's Chief Financial Officer to prepare for the ITC action.  Exhibit A (337-TA-1097 Initial Determination on Economic Domestic Industry) at 10-11, n.8.  And BNI provided, and BiTMICRO relied on, testimony and documents in an attempt to support the domestic industry requirement of the ITC investigation against SK hynix.  *Id.* at 3.  Thus, on information and belief, the activities of

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

1   BNI in this District are therefore also the activities of BiTMICRO, and BiTMICRO's activities were

2   directed by and done in concert with BNI.

3   **INTRADISTRICT ASSIGNMENT**

4   19.   Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Action

5   subject to assignment on a district-wide basis.

6   **ACTS GIVING RISE TO NEED FOR DECLARATORY JUDGMENT**

7   20.   The '416 Patent, entitled "Parallel Erase Operations in Memory Systems," issued to

8   Ricardo H. Bruce and Rolando H. Bruce, on March 4, 2003, with BNI named as the assignee.  A

9   copy of the '416 Patent is attached to this Complaint as Exhibit B.

10   21.   On information and belief, on June 30, 2017, an assignment was filed with the U.S.

11   Patent and Trademark Office, purporting to assign the '416 Patent from BNI to BiTMICRO.  The

12   '416 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8,

13   2017.

14   22.   On information and belief, although BNI was the owner of the '416 Patent from its

15   issuance on March 4, 2003 until it was assigned to BiTMICRO, BNI never attempted to enforce it

16   against SK hynix or customers of SK hynix.

17   23.   On information and belief, BiTMICRO purports to be the owner of the '416 Patent,

18   and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

19   24.   BiTMICRO filed an action at the ITC asserting the '416 Patent against SK hynix,

20   and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry

21   respecting the '416 Patent.

22   25.   The '103 Patent, entitled "Multiple Chip Module and Package Stacking Method for

23   Storage Devices," issued to Rey H. Bruce, Ricardo H. Bruce, Patrick Digamon Bugayong, and Joel

24   Alonzo Baylon, on January 10, 2012, with BNI named as the assignee.  A copy of the '103 Patent is

25   attached to this Complaint as Exhibit C.

26   26.   On information and belief, on June 30, 2017, an assignment was filed with the U.S.

27   Patent and Trademark Office, purporting to assign the '103 Patent from BNI to BiTMICRO.  The

28

COMPLAINT FOR DECLARATORY JUDGMENT
                                                  Case No.

1   '103 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8,

2   2017.

3         27.     On information and belief, although BNI was the owner of the '103 Patent from its

4   issuance on January 10, 2012 until it was assigned to BiTMICRO, BNI never attempted to enforce

5   it against SK hynix or customers of SK hynix.

6         28.     On information and belief, BiTMICRO purports to be the owner of the '103 Patent,

7   and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

8         29.     BiTMICRO filed an action at the ITC asserting the '103 Patent against SK hynix,

9   and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry

10   respecting the '103 Patent.

11         30.     The '243 Patent, entitled "Multiple Chip Module and Package Stacking for Storage

12   Devices," issued to Rey Bruce, Ricardo Bruce, Patrick Digamon Bugayong, and Joel Alonzo

13   Baylon, on November 2, 2010, with BNI named as the assignee.  A copy of the '243 Patent is

14   attached to this Complaint as Exhibit D.

15         31.     On information and belief, on June 30, 2017, an assignment was filed with the U.S.

16   Patent and Trademark Office, purporting to assign the '243 Patent from BNI to BiTMICRO.  The

17   '243 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8,

18   2017.

19         32.     On information and belief, although BNI was the owner of the '243 Patent from its

20   issuance on November 2, 2010 until it was assigned to BiTMICRO, BNI never attempted to enforce

21   it against SK hynix or customers of SK hynix.

22         33.     On information and belief, BiTMICRO purports to be the owner of the '243 Patent,

23   and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

24         34.     BiTMICRO filed an action at the ITC asserting the '243 Patent against SK hynix,

25   and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry

26   respecting the '243 Patent.

27         35.     The '190 Patent entitled "Multi-Profile Memory Controller for Computing Devices,"

28   issued to Ricardo H. Bruce, Marlon B. Verdan, Margaret Ann N. Somera, Rowenah Michelle D.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

1   Jago-on, Marla Eliza B. DeBelen, and Ron Kelvon B. Palacol on September 15, 2015, with BNI

2   named as the assignee.  A copy of the '190 Patent is attached to this Complaint as Exhibit E.

3          36.    On information and belief, on June 30, 2017, an assignment was filed with the U.S.

4   Patent and Trademark Office, purporting to assign the '190 Patent from BNI to BiTMICRO.  The

5   '190 Patent assignment was recorded with the U.S. Patent and Trademark Office on September 8,

6   2017.

7          37.    On information and belief, although BNI was the owner of the '190 Patent from its

8   issuance on September 15, 2015 until it was assigned to BiTMICRO, BNI never attempted to

9   enforce it against SK hynix or customers of SK hynix.

10         38.    On information and belief, BiTMICRO purports to be the owner of the '190 Patent,

11   and is listed with the U.S. Patent and Trademark Office as the assignee of record for that patent.

12         39.    BiTMICRO filed an action at the ITC asserting the '190 Patent against SK hynix,

13   and alleged that the ITC had jurisdiction over its assertions based on BNI's domestic industry

14   respecting the '190 Patent.  The presiding ITC Administrative Law Judge found such assertion of

15   domestic industry to be false.

16         40.    On December 21, 2017, BiTMICRO filed a Complaint under 19 U.S.C. § 1337 at the

17   ITC (*Certain Solid State Storage Devices, Stacked Electronics, and Products Containing Same*, Inv.

18   No. 337-TA-1097), a true and correct copy of which is attached hereto as Exhibit F (without

19   exhibits). On January 8, 2018 BiTMICRO filed an Amended Complaint, a true and correct copy of

20   the public version of which is attached hereto as Exhibit G (without exhibits) (collectively, "ITC

21   Complaints").  In its ITC Complaints, BiTMICRO alleges unlawful importation into the United

22   States, sale for importation into the United States, or sale within the United States after importation,

23   of certain solid state storage drives and stacked electronics components, and products containing

24   them, by way of infringement of the Asserted Patents.  In addition to SK hynix, BiTMICRO named

25   as respondents in their Complaint other solid state storage drive manufacturers, as well as certain

26   customers and downstream users of SK hynix products, including Samsung Electronics Co, Ltd.,

27   Samsung Semiconductor, Inc., Samsung Electronics America, Inc., Dell Inc., Dell Technologies

28   Inc., Lenovo Group Ltd., Lenovo (United States) Inc., HP Inc., Hewlett Packard Enterprise Co.,

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

1   ASUSTeK Computer Inc., ASUS Computer International, Acer Inc., Acer America Corp., VAIO

2   Corporation, and transcosmos America Inc.

3        41.     On January 26, 2018, the ITC instituted an investigation based on BiTMICRO's ITC

4   Complaints.  The Commission further prescribed that an early evidentiary hearing be held to

5   determine whether BiTMICRO satisfied the economic prong of the domestic industry requirement,

6   with an Initial Determination on that issue to be completed within 100 days of the institution date.

7   An evidentiary hearing was held on March 22, 2018 before Administrative Law Judge Dee Lord.

8   On May 11, 2018, Judge Lord issued an Initial Determination concluding that BiTMICRO had

9   satisfied the economic prong of the domestic industry requirement with respect to the '416, '103,

10  and '243 Patents.  The Initial Determination further concluded that BiTMICRO failed to satisfy the

11  economic prong of the domestic industry requirement with respect to the '190 Patent, and

12  terminated the '190 Patent from the investigation.

13       42.     Following the issuance of the Initial Determination, BiTMICRO and respondents

14  filed respective Petitions for Review of the Initial Determination, and the Office of Unfair Import

15  Investigations of the ITC similarly filed a Petition for Review.  A decision whether to institute

16  review of the Initial Determination is due 30 days from the date of service of the initial

17  determination, on or about June 12, 2018.

18       43.     BiTMICRO's filing of the ITC Complaints asserting patent infringement, the

19  Commission's institution of an investigation in response to those ITC Complaints, and the Initial

20  Determination maintaining that investigation with respect to the Asserted Patents, establishes that a

21  substantial controversy exists between the parties having adverse legal interests of sufficient

22  immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201 as to

23  the alleged infringement of the Asserted Patents by SK hynix's Accused Products.  Further, that

24  BiTMICRO's ITC Complaints also asserted patent infringement of the '190 Patent, and the Initial

25  Determination terminated the investigation with respect to the '190 Patent only due to a lack of

26  domestic industry, which is not a requirement for BiTMICRO to maintain an infringement lawsuit

27  in a Federal District Court, establishes that a substantial controversy exists between the parties

28  having adverse legal interests of sufficient immediacy and reality to warrant issuance of a

9        COMPLAINT FOR DECLARATORY JUDGMENT
                                                               Case No.

1  declaratory judgment under 28 U.S.C. § 2201 as to the alleged infringement of the '190 Patent by

2  SK hynix's products.

3     44.    The existence of such a controversy is underscored by BiTMICRO's allegations

4  against SK hynix's customers.

5  **FIRST CLAIM FOR RELIEF**

6  **(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,529,416)**

7     45.    Plaintiffs incorporate by reference the allegations of paragraphs 1-44 as though fully

8  set forth herein.

9     46.    As a result of the acts described in the foregoing paragraphs, there exists an actual

10  and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a

11  declaratory judgment that SK hynix has not infringed and do not infringe any claims of the '416

12  Patent.

13     47.    BiTMICRO has alleged and continues to allege that products imported, sold for

14  importation, and/or sold within the United States after importation are covered by the '416 Patent,

15  and already has commenced litigation against SK hynix regarding this matter.

16     48.    SK hynix's Accused Products have not and do not directly or indirectly infringe,

17  either literally or under the doctrine of equivalents, any claims of the '416 Patent.  Further, no third

18  party product that incorporates a SK hynix Accused Product infringes or has infringed any of claims

19  of the '416 Patent, either literally or under the doctrine of equivalents, based on the SK hynix's

20  Accused Products therein.  SK hynix has not caused, directed, requested, or facilitated any such

21  infringement, and has not had any specific intent to do so.

22     49.    For example, and without limitation, every claim of the '416 patent requires

23  detecting a plurality of cache entries to be written to memory, and erasing a portion of memory to

24  accommodate the cache entries.

25     50.    The Accused Products do not infringe the claims of the '416 patent because, at

26  minimum, they do not detect cache entries to be written to memory and do not erase memory to

27  accommodate the cache entries to be written to memory.

28

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

51.     Similarly, various dependent claims require performing, in parallel, a plurality of erase operations followed by a plurality of sequential write operations.

52.     The Accused Products further do not infringe those dependent claims as they do not perform such parallel operations.

53.     SK hynix is entitled to a judgment declaring that they have not and are not infringing, either directly or indirectly, any claim of the '416 Patent.

**SECOND CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,093,103)**

54.     Plaintiffs incorporate by reference the allegations of paragraphs 1-53 as though fully set forth herein.

55.     As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SK hynix has not infringed and do not infringe any claims of the '103 Patent.

56.     BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '103 Patent, and already has commenced litigation against SK hynix regarding this matter.

57.     SK hynix's Accused Products have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claims of the '103 Patent.  Further, no third party product that incorporates a SK hynix Accused Product infringes or has infringed any claims of the '103 Patent, either literally or under the doctrine of equivalents, based on the SK hynix's Accused Products therein.  SK hynix has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

58.     For example, and without limitation, every claim of the '103 Patent requires at least one "active port" and at least one "passive port."

59.     The Accused Products do not infringe the claims of the '103 Patent at least because, at minimum, they lack the claimed active port and passive port.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

60.     Further, each claim of the '103 Patent requires a control circuit that enables a routing path that connects a first and second serial chain route within an end module.

61.     The Accused Products further do not infringe any claim of the '103 Patent because they lack, at minimum, both the claimed control circuit and routing path.

62.     SK hynix is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '103 Patent.

**THIRD CLAIM FOR RELIEF**

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,826,243)**

63.     Plaintiffs incorporate by reference the allegations of paragraphs 1-62 as though fully set forth herein.

64.      As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SK hynix has not infringed and does not infringe any claim of the '243 Patent.

65.     BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '243 Patent, and already has commenced litigation against SK hynix regarding this matter.

66.     SK hynix's Accused Products have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claims of the '243 Patent.  Further, no third party product that incorporates a SK hynix Accused Product infringes or has infringed any claims of the '243 Patent, either literally or under the doctrine of equivalents, based on the SK hynix Accused Product therein.  SK hynix has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

67.     For example, and without limitation, every claim of the '243 Patent requires at least one "active port" and at least one "passive port."

68.     The Accused Products do not infringe the claims of the '243 Patent at least because, at minimum, they lack the claimed active port and passive port.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

69.     Further, each claim of the '243 Patent requires a control circuit that enables a routing path that connects a first and second serial chain route within an end module.

70.     The Accused Products further do not infringe any claim of the '243 Patent because, at minimum, they lack both the claimed control circuit and routing path.

71.     SK hynix is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '243 Patent.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,135,190)

72.     Plaintiffs incorporate by reference the allegations of paragraphs 1-71 as though fully set forth herein.

73.      As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that SK hynix has not infringed and does not infringe any claim of the '190 Patent.

74.     BiTMICRO has alleged and continues to allege that products imported, sold for importation, and/or sold within the United States after importation are covered by the '190 Patent, and already has commenced litigation against SK hynix regarding this matter.

75.     SK hynix's Accused Products have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any claims of the '190 Patent.  Further, no third party product that incorporates a SK hynix Accused Product infringes or has infringed any claims of the '190 Patent, either literally or under the doctrine of equivalents, based on the SK hynix Accused Products therein.  SK hynix has not caused, directed, requested, or facilitated any such infringement, and has not had any specific intent to do so.

76.     For instance, and without limitation, every claim of the '190 Patent requires a device profile optimal for a data type subject to the memory transaction.

77.     The Accused Products do not infringe the claims of the '190 Patent because, at minimum, they lack such a device profile.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

78.     Further, every claim of the '190 Patent requires selecting or using a transfer size for the transaction as a function of a device profile's attributes.

79.     The Accused Products do not infringe the claims of the '190 Patent because, at minimum, they do not select or use a transfer size as a function of a device profile's attributes.

80.     SK hynix is entitled to a judgment declaring that it has not and is not infringing, either directly or indirectly, any claim of the '190 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for entry of judgment as follows:

A.      Declaring that SK hynix has not infringed and is not infringing any claims of United States Patent No. 6,529,416;

B.      Declaring that SK hynix has not infringed and is not infringing any claims of United States Patent No. 8,093,103;

C.      Declaring that SK hynix has not infringed and is not infringing any claims of United States Patent No. 7,826,243;

D.      Declaring that SK hynix has not infringed and is not infringing any claims of United States Patent No. 9,135,190;

E.      Permanently enjoining BiTMICRO and all those acting through or for it, directly or indirectly, from asserted the aforementioned patents against any third party based on any alleged use of SK hynix's Accused Products;

F.      Ordering that SK hynix is the prevailing party and that this case is an exceptional case under 35 U.S.C. § 285, and awarding SK hynix its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law, including this Court's inherent authority; and

G.      Awarding such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SK hynix demands a trial by jury on any and all issues for which a trial by jury is available under applicable law.

Dated:  June 12, 2018                                  FISH & RICHARDSON P.C.


By:  */s/ Jonathan J. Lamberson*
      Jonathan J. Lamberson

Attorneys for Plaintiff
SK HYNIX INC. and SK HYNIX AMERICA INC.

COMPLAINT FOR DECLARATORY JUDGMENT
Case No.